IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIRK LEE FLETCHER                     *
                                            *
      v.                               *       Civil Case No. GLR-16-2830
                                            *
COMMISSIONER, SOCIAL SECURITY     *
                                            *
                                  *************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' dispositive cross-motions. [ECF Nos. 11, 14]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Fletcher protectively filed an application for Disability Insurance Benefits. (Tr. 197-99). His application was denied initially and on reconsideration. (Tr. 79-85, 86-93). An Administrative Law Judge ("ALJ") held a hearing on August 26, 2014, at which Mr. Fletcher was represented by counsel. (Tr. 45-76). Following the hearing, the ALJ determined that Mr. Fletcher was not disabled within the meaning of the Social Security Act during the time preceding his date last insured of March 31, 2012. (Tr. 25-38). The Appeals Council denied Mr.

Fletcher's request for review, (Tr. 7-12), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Fletcher suffered from the severe impairments of bipolar disorder and substance abuse. (Tr. 27). The ALJ concluded that, if the substance abuse were to be considered, Mr. Fletcher's combined impairments render him incapable of sustaining substantial gainful employment. (Tr. 28-30). However, the ALJ further concluded that, if Mr. Fletcher were to stop substance use, he would retain the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: carrying out simple tasks in 2 hour increments; having occasional interaction with co-workers and supervisors, but avoiding direct interaction with the general public; and adapting to simple changes in a routine work setting.

(Tr. 31). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, if Mr. Fletcher stopped the substance use, he could perform jobs existing in significant numbers in the national economy. (Tr. 36-37). Therefore, the ALJ concluded that the substance use disorder "is a contributing factor material to the determination of disability," and that, therefore, Mr. Fletcher was not disabled. (Tr. 37).

Mr. Fletcher disagrees. He argues (1) that the ALJ failed to properly determine his RFC absent substance use; (2) that the ALJ erred in evaluating his credibility; and (3) that the ALJ's hypothetical to the VE violated the Fourth Circuit's decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). I agree that the ALJ erred in evaluating Mr. Fletcher's RFC absent substance use, and I therefore recommend remand. Also, on remand, I recommend that the ALJ provide a more complete description of Mr. Fletcher's functional limitations pertaining to sustaining concentration over the course of a workday, and a more complete evaluation of his credibility. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Fletcher is not entitled to benefits is correct or incorrect.

2

The critical issue presented in this case is Mr. Fletcher's RFC absent substance use. Mr. Fletcher's treating physician, Dr. Charito Quintero-Howard, treated him monthly from 2010-2014. (Tr. 638). She filled out two opinion forms, one in the 2011/2012 time frame and one in 2014. (Tr. 729-36, 638-42). The earlier form discusses his psychological restrictions, and opines that he is incapable of even "low stress" work and would miss more than three days per month, but does not mention substance abuse. (Tr. 729-36). The 2014 form mentions that his substance abuse "has been in remission for 3 years, but continued to have mood swings and bipolar symptoms" and that when "off drugs still continues to have bipolar." (Tr. 642). In her opinion, the ALJ asserts that Dr. Quintero-Howard indicated "that the claimant would suffer marked limitations regardless of his substance abuse, but gives no basis for her assessment. She gives no indication why the claimant would not improve with continued compliance and sustained sobriety." (Tr. 35). In contrast, however, Dr. Quintero-Howard provided an express indication of the basis for her assessment – namely, her observations of Mr. Fletcher's continuing bipolar symptoms during periods when he was drug-free. Moreover, if the ALJ had felt that Dr. Quintero-Howard had not sufficiently addressed her assessment of Mr. Fletcher's non-substance abuse related symptoms, the ALJ could have re-contacted her for more information, instead of simply alleging that her "assessments fail to explain the impact of the claimant's substance abuse on his ability to function." (Tr. 35).

In addition, the ALJ assigned "moderate weight" to the May 2011 consultative examination by Dr. Taghizadeh, at which Mr. Fletcher was assigned a GAF score of only 35, alleging that "the examination report noted diagnoses including substance abuse which, as found above, does cause marked limitations in mental functioning." (Tr. 36). Although Dr. Taghizadeh's report could be written more clearly, it is evident that, at the time of the evaluation,

3

Mr. Fletcher was not actually using drugs. (Tr. 473) ("Currently, he suffers from extreme depression, anxiety, panic attacks, always afraid, has obsessive-compulsive disorder, and he is fighting to stay clean."). Thus, attributing the limitations found by Dr. Taghizadeh to Mr. Fletcher's substance abuse is not an accurate assessment of the record.

Although this Court is not to reweigh the evidence of record, it is charged with determining whether the ALJ's conclusion is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, where the ALJ's opinion contains significant inaccuracies relating to the most material issue to the determination, there is not substantial evidence to support the ALJ's conclusion as written.

Mr. Fletcher also alleges that the ALJ erred in evaluating his credibility and in formulating a hypothetical question to the VE. I note that some of the language the ALJ used in her credibility assessment, (Tr. 32), has been deemed flawed by the Fourth Circuit in *Mascio*, 780 F.3d at 639 (rejecting language that the claimant's statements "are not credible to the extent they are inconsistent with the above residual functional capacity assessment"). The ALJ also provided very little analysis of any specific statements she found "not credible," other than the assertion that Mr. Fletcher was not given take home tests "due to his prescribed Klonopin" instead of failed toxology screens. (Tr. 36). Thus, if the case is remanded, the ALJ should revisit the issue of Mr. Fletcher's credibility and provide an appropriate analysis. Moreover, it appears that the ALJ concluded, in both the RFC assessment and the hypothetical to the VE, that Mr. Fletcher's moderate limitation in concentration, persistence, or pace could be addressed only with a limitation to "carrying out simple tasks in 2 hour increments." (Tr. 31). Because I am recommending remand on other grounds, the ALJ should provide additional justification for that finding.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 14);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 11);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 26, 2017 /s/
Stephanie A. Gallagher
United States Magistrate Judge